MARIE MASTERS, PLAINTIFF IN ERROR, v. SCOTT CHAMPION ET AL., DEFENDANTS IN ERROR.

Argued December 12, 1907—Decided March 2, 1908.

This case is controlled by *Van Marter* v. *Lucas*, 35 *Vroom* 182; 36 *Id.* 311.

On error to the Supreme Court, whose opinion is reported in 45 *Vroom* 323.

For the plaintiff in error, *John J. Crandall.*

For the defendants in error, *Joseph E. P. Abbott.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR.    We agree with the Supreme Court that the facts of the present case bring it fairly within the doctrine laid down by the Supreme Court in *Van Marter* v. *Lucas,* 35 *Vroom* 182 (affirmed by this court, 36 *Id.* 311), that where a constable, under execution issuing out of the court for the trial of small causes, levies on or takes into his possession any goods or chattels which shall be claimed by a third party by notice in writing, delivered to the constable as provided in section 62 of the "Act constituting courts for the trial of small causes" (*Pamph. L.* 1903, *p.* 270), and the constable, upon receipt of the notice, adjourns the sale of the goods in order to permit the claimant to apply to a justice of the peace for a trial of the claimant's right to the property, and the claimant makes no such application and takes no other measures to assert his right, and the constable thereupon proceeds to sell the property in reliance upon the implied abandonment of the claim. the claimant is estopped from holding the constable responsible in tort.

In the present case the claim appears to have been in accordance with the act, and to have been relied upon by the constable as such.    There was nothing in the language of the claim or in the circumstances of the case to negative the inference that it was intended to be considered as a claim under the statute.    Nor is there anything to show that the claimant at any time after the claim was delivered, and before the constable proceeded to sell, did anything to show that her claim of property was not abandoned.

We agree also that the fact that the goods levied on by the constable were in possession of the claimant, and that the constable had not taken manual possession thereof at the time

of the levy, does not take the case out of the rule laid down in Van Marter *v.* Lucas.

We further agree that the fact that the written claim of property was delivered to the constable by the claimant upon a Sunday does not prevent the estoppel from operating in favor of the constable. To hold otherwise would enable the claimant to take advantage of her own wrong.

Whether the estoppel inures to the benefit of purchasers at the constable's sale, or of any person other than the constable himself, is a question not presented by the assignments of error, and therefore not decided. In *Berry* v. *Chamberlain,* 24 *Vroom* 463, the Supreme Court held that where under a claim of property the right of property is tried, the verdict is conclusive for all purposes as between the claimant and the plaintiff in execution. So far as we are reminded, this question has not as yet been passed upon by this court.

In the present case the plaintiff's state of demand in the District Court counted upon an unlawful entry upon her land, as well as upon the seizing and carrying away of her personal chattels. The state of the case shows that the averments of the state of demand were established at the trial. So far as appears, however, no question was raised in the Supreme Court about the action of the trial judge in ignoring the trespass upon her land and rendering a general judgment in favor of the defendants. Nor do the assignments of error in this court present any such question.

The judgment under review should therefore be affirmed.

*For affirmance*—PITNEY, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, REED, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    11.

*For reversal*—None.